UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY RICHARD WHITEFIELD ) | |
| Plaintiff, ) | |
| ) | No. 3:13cv1186 |
| v. ) | (No. 3:13-mc-0076) |
| ) | Judge Sharp |
| E. BROWN, et al. ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against E. Brown, a nurse practitioner at the Davidson County Criminal Justice Center (CJC); D. Jiste, a nurse at CJC; and Sgt. Shipley, a guard at CJC; seeking damages.

In April, 2010, the plaintiff slipped in a puddle of water at the CJC and fell. As a result of his fall, the plaintiff injured his knees, lower back, right hip, spine and left shoulder. The plaintiff claims that the medical defendants at the CJC (Brown and Jiste) failed to provide him with adequate medical care and that Sgt. Shipley was negligent for failing to put a "wet floor" sign near the flooded area.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been

violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff admits that he was given medication for his pain, a cane, and was later x-rayed to determine the extent of his injuries. As a consequence, the defendants were not deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff by the defendants.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law by the medical personnel at the CJC. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

The plaintiff also seeks to impose liability upon Sgt. Shipley for negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct by Sgt. Shipley that violated the Constitution.

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to

dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).[1]

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge

---

[1] In any event, it appears that the plaintiff's complaint is barred by the one year limitation period for civil rights claims in Tennessee.